**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JESUS DIAZ-MAGALLON,<br>Defendant. | Case No. 22-cr-00200-BLF-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE**<br><br>[Re: ECF 119] |

Defendant Jesus Diaz-Magallon pled guilty to distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and was sentenced to a 36-month term of imprisonment. *See* Minutes, ECF 101, 111, 114. He has filed a *pro se* motion for reduction in sentence "[p]ursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines." Mot., ECF 119. Both the U.S. Probation Office and the Government assert that Defendant is ineligible for a reduction. *See* SRIR, ECF 125; Opp., ECF 126. Defendant has not filed a reply and the deadline to do so has expired. *See* Order, ECF 124.

The Court finds Defendant's motion to be suitable for decision without oral argument. The motion is DENIED for the reasons discussed below.

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). Congress has created limited exceptions to this rule, including for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). For such a defendant, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

United States District Court
Northern District of California

Defendant requests a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Guidelines, which amended provisions of the Guidelines relating to calculation of criminal history category and offense level. *See United States v. Carter*, No. 2:21-CR-00104-TLN, 2025 WL 3458789, at *1 (E.D. Cal. Dec. 2, 2025). "First, in Part A, the Sentencing Commission amended the 'status point' provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e)." *Id*. Prior to amendment, the Guidelines provided for the addition of two status points where the defendant committed the offense while under any criminal justice sentence; after amendment, only one status point is added where a defendant has seven or more criminal history points and no status points are added where a defendant has fewer than seven criminal history points. *See id*. "Second, in Part B Subpart 1, the Sentencing Commission added a 'zero-point offender' provision in U.S.S.G. § 4C1.1(a), which provides a two-level reduction in offense level for certain offenders" who did not have any criminal history points at the time of the offense. *Id*. Amendment 821 became effective on November 1, 2023, and both Part A and Part B Subpart 1 may be applied retroactively by court orders that are effective on February 1, 2024 or later. *See* U.S.S.G. supp. app. C, amend. 821 (Nov. 2023); U.S.S.G. 1B1.10(d), (e)(2).

Defendant is not eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 821. As noted above, § 3582(c)(2) provides that a court may grant a sentence reduction to "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has *subsequently been lowered* by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2) (emphasis added). Amendment 821 was adopted in November 2023, more than two years *before* Defendant was sentenced in February 2026. *See* Minutes, ECF 114. Consequently, Defendant has failed to show that his sentencing range was "subsequently" lowered by Amendment 821.

The record reflects that Defendant was sentenced pursuant to the Guidelines as amended by Part A and Part B Subpart 1 of Amendment 821. Following adoption of Part A of Amendment 821, the Guidelines provide for the addition of one status point where a defendant has seven or more criminal history points and committed the offense while under any criminal justice sentence;

no status points are added where a defendant has fewer than seven criminal history points. *See* U.S.S.G. § 4A1.1(e). Defendant had fewer than seven criminal history points at the time of sentencing and therefore did not receive any status points. *See* PSR ¶ 46, ECF 108. Following adoption of Part B Subpart 1 of Amendment 821, the Guidelines provide for a two-level reduction in offense level for defendants who did not have any criminal history points at the time of the offense and who satisfy certain other criteria. *See* U.S.S.G. § 4C1.1(a). Defendant had one criminal history point at the time of the offense and therefore was not eligible for the two-level reduction for zero point offenders. *See* PSR ¶ 44 (assigning one criminal history point for 2019 offense of contracting without a license); Hrg. Tr. 12:10-13:11 (recognizing that Defendant does not qualify as a zero point offender because of offense of contracting without a license), ECF 118.

The Court notes that it sentenced Defendant to a 36-month term of imprisonment, which was substantially below the Guideline range of 51 to 63 months. *See* Hrg. Tr. 8:5-12, 16:8-11. Defendant has not presented any basis for a reduction of his sentence. Accordingly, his motion is DENIED.

This order terminates ECF 119.

**IT IS SO ORDERED.**

Dated: October 7, 2026

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California